UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
          v.                      )    CRIMINAL NO. 0414-1111-JGD
                                  )
HAMMAN MOUSLI                     )


## MOTION TO REQUEST DETENTION HEARING AND MEMORANDUM IN SUPPORT OF PRE-TRIAL RELEASE

The defendant, Hamman Mousli, respectfully requests the Court schedule a detention hearing in this case.  Mr. Mousli would like to be interviewed by pre-trial services so they may provide the Court with a recommendation as to his release.  On October 25, 2004, Mr. Mousli agreed to voluntary detention, he now wishes to be released with specific conditions imposed by the Court.

Mr. Mousli has been detained, in both state and federal custody since June 10, 2004 for this specific offense.  An immigration detainer has been lodged against him since Immigration & Customs Enforcement(ICE) records reflect Mr. Mousli is out of status and therefore removable from the United States.

Mr. Mousli has a strong possibility, if convicted, of having a total offense level of 6, this includes a 2 level reduction for acceptance of responsibility.  With a criminal history category of III the defendant will most likely face a Zone B range of 6-12 months, making him eligible for a sentence of probation.  Mr. Mousli is charged with unlawful possession of a weapon being a prohibited person, falling under U.S.S.G §2K2.1(a)(6)placing his base offense level at 14.  If the defendant were convicted of this offense he is confident the Court would find his possession of these weapons were for "lawful sporting purposes or collection" providing a 6 level reduction as provided by U.S.S.G §2K2.1(b)(2); the defendant's adjusted offense level would be 8. He has already been incarcerated in state and federal custody for close to seven months for this offense.

## I. PROPOSED CONDITIONS OF RELEASE

1.  If released from the immigration detainer, obtain a place of residence on his own or with third parties approved by the Court;

2.  Participate in an electronic monitoring program, when not working or otherwise permitted to be outside the stipulated abode;

3.  Maintain employment on the terms stipulated by the Court;

4.  Agree to have his phone consensually monitored at the home, if the Court desires;

5.    Avoid all contact with potential witnesses;

6.    Report on a regular basis to Pre-Trial Services,
      either in person or by phone, as often as is required.

7.    Drug screening as the Court or probation deem
      necessary.


II.  LEGAL FRAMEWORK

18 U.S.C. Sec. 3141, et seq., is entitled Release and

Detention Pending Judicial Proceedings and controls herein.  18

U.S.C. 'Sec. 3142, mandates the Pre-Bail Reform Act of 1984 (The

Act) presumption that release shall be ordered upon personal

recognizance or upon unsecured appearance bond for the majority

of Federal defendants.  United States v. Berrios-Berrios, 791

F.2d 246, 250 (2nd Cir 1986) quoting S. Rep. at 3189.  The

legislative history of The Act makes clear that detention is to

be the exception, rather than the rule.  U.S. v. Holloway, 781

F.2d 124, 125 (8th Cir. 1986) quoting pp. 3-7 from S.Rep. at

3189.

Pre-trial detention is authorized only upon proof by the

Government that no condition or combination of conditions will

either reasonably assure the appearance of the Defendant as

required, (standard of proof by a preponderance of the evidence

for risk of flight) or will reasonably assure the safety of any

other person and the community, 18 U.S.C. 'Sec. 3142(f)

(standard of proof by clear and convincing evidence for continuing danger index).

The federal judicial officer must impose the least restrictive bail conditions necessary to ensure public safety assuming, arguendo, that release on personal recognizance or unsecured appearance bond will not provide adequate assurances. 18 U.S.C. 'Sec. 3142 (c); U.S. v. Himler, 797 F.2d 156, 161. Section 3142(c) sets out a list of possible conditions which a judicial officer may impose, while Section 3142(g) sets out factors to consider in determining whether any of the aforementioned conditions will in fact reasonably assure safety or appearance.

Mousli poses neither a risk of flight nor a danger to the community should he be released. There is a strong possibility that even if he were convicted his range of punishment is one which allows for a term of probation. It is respectfully suggested that Hamman Mousli is a good candidate for release.

Respectfully Submitted,
Hamman Mousli,
By his attorney,

__/S/ Frank Fernandez_____
Francisco Fernandez, BBO 653771
Denner O'Malley, LLP
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
(617) 227-2800

## CERTIFICATE OF SERVICE

I, Francisco Fernandez, attorney for the Defendant in the above-captioned action, do hereby certify that on this 5th day of December, 2005, a true and exact copy of the foregoing Motion, was served, to AUSA Gregory T. Moffatt and to the Pre-Trial Services' Office by hand delivery.

/s/ Frank Fernandez
Francisco Fernandez